IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02055-NYW-NRN

LANCE REYNOLDS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S PARTIAL MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 41(b)
(ECF No. 87)**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This prisoner civil rights matter comes before the Court on pursuant to an Order, ECF No. 88, issued by Judge Nina Y. Wang referring Defendant United States of America's ("Defendant" or "United States") Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) ("Motion to Dismiss"), ECF No. 87. Plaintiff Lance Reynolds eventually filed a response on June 27, 2024, ECF No. 112, and Defendant filed a reply, ECF No. 113. The Court heard argument from the parties on August 15, 2022. *See* ECF No. 117.

The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

**I.   BACKGROUND**[1]

During the relevant period, Mr. Reynolds was in the custody of the Bureau of Prisons ("BOP"). Mr. Reynolds alleges that on June 28, 2021, he was assaulted by a correctional officer, who picked him up and slammed him, back first, on the ground. ECF No. 76 ¶¶ 11–15. This caused excruciating back pain, and Plaintiff lost feeling in his legs. *Id.* ¶¶ 17–18. Mr. Reynolds was dragged across three flights of stairs, tossed into a wheelchair, taken to the Special Housing Unit ("SHU"), and placed in ambulatory restraints. *Id.* ¶ 19. While in the SHU, he begged nurses for pain medication twice a day to no avail. *Id.* ¶¶ 21–22.

On July 1, 2021, Mr. Reynolds saw Dr. Resto, who noticed that Mr. Reynolds' "lower back/spine was all swollen and messed up." *Id.* ¶ 25. Mr. Reynolds was rushed to an outside prison where he underwent an MRI exam which showed that he suffered two broken vertebrae. *Id.* ¶ 26. Mr. Reynolds was told surgery was not an option, and he was given lidocaine patches for his back. *Id.* ¶¶ 28–29.

When he got back to prison, Physician Assistant ("PA") McCullough told Mr. Reynolds that he could not have the lidocaine patch and ripped it off his back. *Id.* ¶ 29. The next day, another PA told Mr. Reynolds that this should not have happened because plenty of other inmates were prescribed patches and sprays for less serious injuries. *Id.* ¶¶ 30–31.

---

[1] Unless otherwise noted, all factual allegations are taken from Plaintiff's Amended Complaint, ECF No. 76, and are presumed to be true for the purposes of the motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Mr. Reynolds asserts four claims for relief under the Federal Torts Claim Act ("FTCA") for assault, battery, negligence, and intentional infliction of emotional distress. *Id.* ¶¶ 33–44.

The United States now moves to dismiss Mr. Reynolds' claim for medical negligence.[2] The United States argues that this claim must be dismissed because Mr. Reynolds failed to file a certificate of review, as required under Colorado law. *See* Colo. Rev. Stat. § 13-20-602(1)(a).

Although Mr. Reynolds initially sought additional time to obtain a certificate of review in April 2024, he still has not filed one as of the date of this Recommendation, and his response indicates that he has abandoned his efforts to do so.

## II.   LEGAL STANDARDS

### a. Pro Se Plaintiff

Mr. Reynolds proceeds pro se. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). This standard "applies to all proceedings involving a *pro se* litigant." *Espinoza-Horiuchi v. Walmart Stores, Inc.*, 2016 WL 1275494, at *1 (D. Colo. Mar. 7, 2016) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). However, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Calbart v. Denver Sheriff Dep't*, 505 F. App'x 703, 705 (10th Cir. 2012). Mr. Reynolds's pro se

---

[2] The United States does not seek dismissal of Mr. Reynolds' claim for negligence to the extend it is unrelated to medical negligence. *See* ECF No. 87 at 1 n.1.

3

status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Rule 41(b)

The United States seeks dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, which provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Tenth Circuit has found Rule 41 to be a proper procedural vehicle to enforce the certificate of review requirement. *See Coleman v. United States*, No. 20-1403, 2021 WL 2835473, at *3 (10th Cir. July 8, 2021).

## III.   ANALYSIS

Colo. Rev. Stat. § 13-20-602(1)(a) states in relevant part that "in every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional." Colo. Rev. Stat. § 13-20-602(1)(a). This Certificate must be executed by the plaintiff's attorney (or the plaintiff, if she is pro se),[3] and must declare that

> the attorney [or pro se plaintiff] has consulted a person who has expertise in the area of the alleged negligent conduct; and . . . [t]hat the professional . . . has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct, and, based on the review of such facts, has concluded that the filing of the claim . . . does not lack substantial justification.

*Id.* § 13-20-602(3)(a).

---

[3] Pro se plaintiffs are not exempt from complying with the statute. *See Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002).

4

Seeking to avoid application of the certificate of review requirement, Mr. Reynolds makes two arguments.

First, he claims that the Federal Rules of Civil Procedure govern the pleading standards of his FTCA suit, and they do not require a certificate of review. Mr. Reynolds relies on *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019). There, the Sixth Circuit held that Ohio's requirement that a person alleging medical negligence attach an affidavit-of-merit from a medical professional did not apply in FTCA actions brought in federal court. *Gallivan*, 943 F.3d at 293; *see also id.* ("[T]he Federal Rules provide a clear answer: no affidavit is required to state a claim for medical negligence."); *Albright v. Christensen*, 24 F.4th 1039, 1046 (6th Cir. 2022) (citing *Gallivan* and reiterating that that "Rules 8(a), 9, and 12(b)(6) do not require that plaintiffs file affidavits with their complaints in order to state a claim and . . . these Federal Rules exclude other requirements that must be satisfied for a complaint to state a claim").

However, this Court is bound by Tenth Circuit authority, and the Tenth Circuit recently reaffirmed that "Colorado's statutes pertaining to a certificate of review are 'applicable to professional negligence claims brought against the United States under the FTCA.'" *Noe v. United States Gov't*, No. 23-1025, 2023 WL 8868491, at *4 (10th Cir. Dec. 22, 2023) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004), *cert. denied sub nom. Noe v. Berkley*, No. 23-1046, 2024 WL 2262343 (U.S. May 20, 2024). "The failure to file a certificate of review in accordance with [§ 13-20-602] shall result in the dismissal of the complaint . . . ." Colo. Rev. Stat. 13-20-602(4), Accordingly, dismissal is appropriate because Mr. Reynolds did not file a certificate of review. *See Coleman*, 2021 WL 2835473, at *2.

5

Second, Mr. Reynolds accurately notes that a certificate of review is not always required. "Colorado courts have long held that Colo. Rev. Stat. § 13-20-602 requires a plaintiff to file a Certificate only 'for any claim based on allegations of professional negligence *that requires expert testimony to establish a prima facie case*.'" *Coleman v. United States*, 803 F. App'x 209, 212 (10th Cir. 2020) (quoting *Martinez v. Badis*, 842 P.2d 245, 250 (Colo. 1992)); *Sherman v. Klenke*, 653 F. App'x 580, 595 (10th Cir. 2016) ("The certificate-of-review requirement therefore applies only if (1) the plaintiff brings a claim of alleged professional negligence against a licensed professional, and (2) expert testimony is necessary to substantiate the claim."); *see also* Colo. Rev. Stat. § 13-20-602(2) ("In the event of failure to file a certificate . . . and if the . . . licensed professional defending the claim believes that an expert is necessary to prove the claim of professional negligence, the defense may move the court for an order requiring filing of such a certificate."). If a plaintiff does not file a certificate, and a defendant "believes expert testimony will be required to establish the plaintiff's professional negligence claim, it may move to require the plaintiff to file a certificate or to dismiss." *Coleman*, 803 F. App'x at 213 (citing Colo. Rev. Stat. §§ 13-20-602(2), 13-20-602(4)). The Court must then determine whether expert testimony, and therefore a certificate, are required. *See id.*; *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 626 (Colo. 1999).

However, under Colorado law, "[i]t is only in unusual circumstances that a medical malpractice claim can be proven without the presentation of expert medical opinion to establish the proper standard of care against which the professional's conduct is to be measured." *Shelton*, 984 P.2d 623, 627. For example, "[i]n some instances, a claim relying on the doctrine of res ipsa loquitur will not require a certificate

6

of review because the facts create a presumption of negligence and, therefore, expert testimony is not necessary." *Williams v. Boyle*, 72 P.3d 392, 397 (Colo. App. 2003).

Here, the Court agrees with the United States that expert testimony and a certificate of review are required in this case. Mr. Reynolds finds fault with the treatment and management of his pain after the June 28, 2021 assault. He first claims he should have been given additional medication while being held in the SHU. He then contends his lidocaine patch should not have been removed. Neither of these "concern[ ] subject matter within the common knowledge or experience of an ordinary person." *See Williams v. Intervention, Inc.*, No. 23-cv-01201-NYW-STV, 2024 WL 1088359, at *8 (D. Colo. Feb. 20, 2024) (citation omitted). Mr. Reynolds does not deny receiving medical treatment—he concedes that he was frequently seen by nurses in the SHU and was transferred to the outside hospital after he was seen by a doctor on July 1, 2021—but he alleges prison medical staff should alleviated his pain and treated him more quickly. Expert testimony is necessary to determine whether the conduct described in the Amended Complaint implicates any negligence on the part of the nurses or other medical staff. As to the lidocaine patches, the mere fact that they were prescribed by a doctor is insufficient to show that removing them was per se negligent. The patches were prescribed at a hospital outside the prison. The Amended Complaint indicates that PA McCullough removed them when Mr. Reynolds returned to the prison because he believed that Mr. Reynolds "couldn't have those." Another prison medical professional apparently disagreed. Thus, from the Amended Complaint itself, it is plain that medical practitioners had different subjective opinions on the proper course of treatment for Mr. Reynolds. Whether PA McCullough's opinion fell outside the relevant standard of care

7

can only be resolved with expert testimony. *See Williams*, 72 P.3d at 397 (holding that expert testimony and a certificate were required in a medical malpractice case where a plaintiff alleged that her medical records indicated she was allergic to a certain medication, a doctor subsequently prescribed her that medication, and she suffered an adverse reaction leading to kidney damage).

Accordingly, the Court finds that expert testimony is required for Mr. Reynolds to establish a prima facie case of medical negligence. Therefore, he was required to submit a certificate of review pursuant to Colorado statute. Because he has not done so, his claim for medical negligence should be dismissed.

## IV.     RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b), ECF No. 87, be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.**

*Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).

Date: August 16, 2024

_____
N. Reid Neureiter
United States Magistrate Judge