IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-02055-NYW-NRN

LANCE REYNOLDS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

### ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Report and Recommendation on Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) issued by the Honorable N. Reid Neureiter on August 16, 2024. [Doc. 123]. Judge Neureiter recommends that Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (the "Motion to Dismiss"), [Doc. 87], be granted and that Plaintiff's claim based on medical negligence be dismissed, *see* [Doc. 123 at 8]. Plaintiff Lance Reynolds ("Plaintiff" or "Mr. Reynolds") timely filed objections to the Recommendation, *see* [Doc. 126], to which the United States has responded, [Doc. 128]. The United States did not object to the Recommendation.

For the reasons set forth in this Order, Plaintiff's objections are respectfully **OVERRULED** and the Recommendation is **ADOPTED**.

## LEGAL STANDARDS

### I. Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

### II. Rule 41(b)

Rule 41of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41 is "the procedural vehicle the court use[s] to enforce the certificate of review requirement" imposed by Colorado statute, which is explained below. *Coleman v. United States*, No. 20-1403, 2021 WL 2835473, at *3 (10th Cir. July 8, 2021).

### III. Pro Se Filings

Because Plaintiff proceeds pro se, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to

2

represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

The factual background of this case is set forth in Judge Neureiter's Recommendation, *see* [Doc. 123 at 2–3], and the Court repeats it here only as necessary to resolve Plaintiff's objections. At all relevant times, Mr. Reynolds was incarcerated within the Federal Bureau of Prisons ("BOP"). [Doc. 76 at ¶ 3]. Mr. Reynolds alleges that on June 28, 2021, he was assaulted by a BOP correctional officer. [*Id.* at ¶¶ 11–15]. After the assault, Plaintiff was placed in the special housing unit. [*Id.* at ¶ 19]. Plaintiff alleges that, while confined in the special housing unit, he was "in excruciating pain, unable to stand, and frightened that he may be paralyzed." [*Id.* at ¶ 20]. An unidentified "medical nurse" came by the special housing unit two times per day, and each time the nurse came by, Plaintiff "would explain to the nurse that he was in desperate need of help" due to his pain. [*Id.* at ¶¶ 21–22]. Plaintiff alleges, however, that he was "[s]eemingly . . . ignored by medical until July 1, 2021, when medical pulled him out for a Chronic Care visit to see Dr. Resto." [*Id.* at ¶ 23]. Dr. Resto examined Plaintiff and told Plaintiff that "something was definitely wrong"; Plaintiff was rushed to the hospital, where it was determined via MRI that "Plaintiff had two broken lumbars." [*Id.* at ¶¶ 24–26]. The hospital doctor placed lidocaine patches on Plaintiff's back for the pain and prescribed the patches "for a significant period of time." [*Id.* at ¶ 28]. After Plaintiff arrived back at the BOP facility, a physician assistant named McCollough "approached Plaintiff and maliciously ripped" the patches off of his back. [*Id.* at ¶ 29].

3

Plaintiff initiated this lawsuit on August 12, 2022, [Doc. 1], and filed a First Amended Complaint on September 8, 2022, [Doc. 7].  Plaintiff later moved to "amend and/or supplement" his claims, *see* [Doc. 59 at 1], and Judge Neureiter granted that motion, granting Plaintiff leave to amend and directing Plaintiff to "file an amended complaint on or before September 8, 2023," [Doc. 69 at 2].  After Plaintiff was granted an extension of time, *see* [Doc. 73; Doc. 75], he filed his Second Amended Complaint, the operative pleading in this action, on December 18, 2023, [Doc. 76].  In his Second Amended Complaint, Plaintiff raises four claims under the Federal Tort Claims Act ("FTCA"):  (1) assault; (2) battery; (3) negligence, including medical negligence; and (4) intentional infliction of emotional distress.  [*Id.* at ¶¶ 33–44].

The United States seeks dismissal of Plaintiff's medical negligence claim for failure to file the certificate of review required by Colorado law.  [Doc. 87].  Judge Neureiter recommends that the Court grant the Motion to Dismiss.  [Doc. 123 at 8].  Plaintiff has objected to that recommendation, *see* [Doc. 126], which the Court considers below.

## ANALYSIS

### I.   Colorado's Certificate of Review Requirement

Colorado law requires that, in all actions for damages arising out of alleged professional negligence, the plaintiff must file a "certificate of review for each . . . licensed professional named as a party," Colo. Rev. Stat. § 13-20-602(1)(a),[1] declaring "(1) that he or she has consulted an expert, (2) that the expert both reviewed the relevant

---

[1] Although the statutory language imposes this requirement on the "plaintiff's . . . attorney," Colo. Rev. Stat. § 13-20-602(1)(a), the requirements of § 13-20-602 apply equally "to civil actions alleging negligence of licensed professionals filed by nonattorney pro se plaintiffs," *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002).

4

information and concluded that the claim does not lack 'substantial justification' as defined elsewhere, and (3) that the person consulted is competent and qualified to opine as to the negligent conduct alleged," *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 82 (Colo. 2001) (footnote omitted); *see also* Colo. Rev. Stat. § 13-20-602(3).  However, a certificate of review is only necessary if "(1) the plaintiff brings a claim of alleged professional negligence against a licensed professional, *and* (2) expert testimony is necessary to substantiate the claim." *Sherman v. Klenke*, 653 F. App'x 580, 595 (10th Cir. 2016).  If "the subject matter . . . lies within the ambit of common knowledge or experience of ordinary persons," then a certificate of review is not required.  *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. App. 1995).  But "[i]t is only in unusual circumstances that a medical malpractice claim can be proven without the presentation of expert medical opinion to establish the proper standard of care against which the professional's conduct is to be measured." *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 627 (Colo. 1999).  The failure to file a certificate of review, when required, necessitates dismissal of the professional negligence claim.  *Colo. Tr. for Prot. & Benefits v. Souder, Miller & Assocs., Inc.*, 870 F. Supp. 2d 1173, 1179 (D. Colo. 2012).

Relevant here, "[s]tate substantive law applies to suits brought against the United States under the FTCA." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004) (citing 28 U.S.C. § 1346(b)(1)).  The Tenth Circuit has "determined that Colorado's certificate of review requirement is a substantive rule of law" applicable to claims arising under the FTCA, *id.*, and has reaffirmed this position in recent years, *see, e.g.*, *Coleman*, 803 F. App'x at 212; *Noe v. United States Gov't*, No. 23-1025, 2023 WL 8868491, at *4 (10th Cir. Dec. 22, 2023).

## II. Whether Mr. Reynolds Was Required to File a Certificate of Review

In the Motion to Dismiss, the United States argues that Plaintiff's medical negligence claim should be dismissed because Plaintiff has not filed the certificate of review required by Colorado law. [Doc. 87 at 3–6]. According to the United States, "[e]xpert testimony would be necessary to substantiate Plaintiff's claim for medical negligence" because "whether BOP medical staff's actions with regard to managing Plaintiff's pain fell below the appropriate standard of care for pain management is not something a lay person could easily understand without expert testimony." [*Id.* at 5]. Specifically, it contends that, for Plaintiff to succeed on his claim, he will need to prove "that it was medically appropriate for him to be using lidocaine patches, that the removal of the lidocaine patches failed to meet the applicable standard of care for pain management, and that the removal of the lidocaine patches was the proximate cause of his damages," and it argues that expert testimony will be required to resolve these issues. [*Id.*].

In his response, Mr. Reynolds directs the Court to *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019), where the Sixth Circuit held that an Ohio procedural rule requiring an "affidavit of merit" in medical negligence cases did not apply in federal court because the Ohio rule conflicted with the Federal Rules of Civil Procedure, which do not contain such a requirement. *See Gallivan*, 943 F.3d at 293–94, 296–97; *see also* [Doc. 112 at 3]. Mr. Reynolds argues that, under *Gallivan*, Colorado's certificate-of-review requirement does not apply to his FTCA claim. [Doc. 112 at 5]. Plaintiff also quotes case law noting that some medical negligence claims do not require a certificate of review, [*id.*

6

at 4–5], which the Court construes as an argument that this case falls within that narrow exception.[2]

Judge Neureiter recommends that the Motion to Dismiss be granted. [Doc. 123 at 7]. First, Judge Neureiter notes Mr. Reynolds's reliance on *Gallivan* but explains that courts in the District of Colorado are bound by Tenth Circuit authority. [*Id.* at 5]. He recognizes that the Tenth Circuit "recently reaffirmed" its position that the certificate-of-review requirement applies to FTCA claims in federal court, [*id.* (citing *Noe*, 2023 WL 8868491, at *4)], such that *Gallivan* is inapplicable to this case. In addition, Judge Neureiter concludes that this case is not one of the unusual cases in which a certificate of review is not required. [*Id.* at 6–7]. Specifically, Judge Neureiter notes that Plaintiff's medical negligence claim is based on allegations that (1) he should have been given additional medication while in the special housing unit; and (2) the lidocaine patches should not have been removed from his back. [*Id.* at 7]. Judge Neureiter summarizes Plaintiff's negligence claim as follows: "Mr. Reynolds does not deny receiving medical treatment—he concedes that he was frequently seen by nurses in the SHU and was transferred to the outside hospital after he was seen by a doctor on July 1, 2021—but he alleges prison medical staff should alleviated his pain and treated him more quickly." [*Id.*]. Judge Neureiter then concludes that expert testimony is necessary to determine whether the alleged conduct fell below the appropriate standard of care, such that a certificate of review is required. [*Id.* at 7–8].

---

[2] Judge Neureiter also recognized that Plaintiff made this argument and addressed it in his Recommendation. *See* [Doc. 123 at 6–8].

Mr. Reynolds objects to Judge Neureiter's recommendation.  First, with respect to Judge Neureiter's discussion about being bound by Tenth Circuit authority, not *Gallivan*, Mr. Reynold states:

> [I]f this Court is bound by Tenth Circuit authority, and the Tenth Circuit recently reaffirmed that Colorado's statutes pertaining to a certificate of review are applicable to professional negligence claims brought against the United States under the FTCA[,] if this may be the case where does the Supremacy Clause and the U.S. constitutional art. VI stand?  If the federal rules are (valid).

[Doc. 126 at 2–3].  However, Plaintiff does not point to a specific error in Judge Neureiter's analysis warranting de novo review.  *See Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review."); *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) ("Objections disputing the correctness of the [magistrate judge's] recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient.").  Rather, "[i]n objecting to the magistrate judge's recommendation, [a party] must raise specific arguments addressing purported errors in the recommendation."  *Saleh v. Silco Oil Co.*, No. 19-cv-02973-PAB-NRN, 2020 WL 4915604, at *3 (D. Colo. Aug. 20, 2020).  Because Plaintiff does not raise any "specific" objection to Judge Neureiter's determination that the Court is bound by Tenth Circuit authority, *see One Parcel of Real Prop.*, 73 F.3d at 1060, the Court reviews this portion of the Recommendation for clear error, *see Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (in the absence of a specific objection, a district court may review a magistrate judge's recommendation under any standard it deems appropriate).

As explained by Judge Neureiter, the Sixth Circuit's analysis in *Gallivan* is not binding on this Court, but the Tenth Circuit's determination that the certificate-of-review

8

requirement applies to FTCA claims *is* binding on this Court. *See United States v. Rhodes*, 834 F. App'x 457, 462 (10th Cir. 2020) ("[D]istrict courts in this circuit are bound by [Tenth Circuit] decisions and those of the United States Supreme Court."); *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits.").

The Tenth and Sixth Circuit have reached different answers based on different analyses: in *Gallivan*, the Sixth Circuit conducted its analysis under *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), employing a test that asks (1) whether the Federal Rules answer the same question as the state rule; and (2) if so, whether the Federal Rules are valid. *See Gallivan*, 943 F.3d at 293; *Shady Grove*, 559 U.S. at 398. If the answer to both of those questions is yes, the Federal Rules control. *Shady Grove*, 559 U.S. at 398. Plaintiff's reference to the Supremacy Clause, *see* [Doc. 126 at 3], appears to be invoking the *Gallivan* court's analysis, *see Gallivan*, 943 F.3d at 294–95.

On the other hand, the Tenth Circuit has based its conclusion on 28 U.S.C. § 1346(b)(1), which instructs that state substantive law applies to suits brought against the United States under the FTCA, *see Hill*, 393 F.3d at 1117; 28 U.S.C. § 1346(b)(1), and an analysis under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), determining that because Colo. Rev. Stat. § 13-20-602 is "'bound up' with the substantive right embodied in the state cause of action for professional negligence," *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996), it is a substantive law that applies to FTCA claims in federal court, *Hill*, 393 F.3d at 1117. To the extent this Tenth

Circuit authority conflicts with Sixth Circuit authority, the Court is bound by the Tenth Circuit authority absent a United States Supreme Court or en banc Tenth Circuit decision overruling the decision. *See Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996).

Stated differently, Plaintiff's reference to the Supremacy Clause does not demonstrate any clear error in Judge Neureiter's analysis about the inapplicability of *Gallivan* or the Court's obligation to follow binding Tenth Circuit precedent. Plaintiff's objection on this point is respectfully **OVERRULED**.

In the alternative, Mr. Reynolds objects to the Recommendation by arguing that Judge Neureiter incorrectly stated that his negligence claim is "built about PA McCollough removing lidocaine patch from Plaintiff after return trip from hospital." [Doc. 126 at 3]. He asserts that the alleged negligence

> started with PA Bayer giv[ing] no medical attention for 5 days after use of force, then denying other medical personn[e]l to treat [him]. PA Bayer th[e]n refused x-ray of lumbar spine in which he ordered making [Plaintiff] wait 6 months for an x-ray. PA Bayer was the gatekeeper and as the gatekeeper if he or she refuses or den[ies] other medical person[e]l capable of treating someone that gatekeeper can be liable for negligence.

[*Id.*]. He argues that "any ordinary person could see that P.A. Bayer was negligent." [*Id.*]. He also asserts that "[i]t was not about medical practitioners having different subjective opinions on the proper course of treatment for Reynolds it was merely PA McCullough not knowing if the facility used lidocaine patches, cream or sprays." [*Id.*].

However, the operative Second Amended Complaint does not contain the allegations referenced by Plaintiff here. A physician assistant named Bayer is not mentioned anywhere in the Second Amended Complaint. *See generally* [Doc. 76]. Nor are there any allegations in the Second Amended Complaint asserting that Plaintiff was denied an x-ray for six months, or that P.A. McCullough did not know whether Plaintiff's

10

facility permitted the use of lidocaine patches, cream, or sprays. [*Id.*].³ Plaintiff cannot amend his Second Amended Complaint by raising additional allegations in his objections or in his response to the Motion to Dismiss, *see Wilson v. Jenks*, No. 12-cv-02495-RM-KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014), and the Court's analysis on the Motion to Dismiss and its review of the Recommendation are limited to the contents of the operative Second Amended Complaint, *see Moore v. Cosarrubias*, No. 18-cv-00259-GPG, 2019 WL 9603552, at *3 (D. Colo. Jan. 25, 2019) ("[T]he Court will not refer to or consider Plaintiff's prior pleadings in an attempt to make sense of his allegations or determine the potential merits of his claims. . . . [T]he Court considers only those claims and allegations set forth in the operative pleading.").⁴

---

³ The Court notes that Plaintiff appears to focus his negligence claim on the removal of the lidocaine patches, alleging that the United States "owed a duty to the Plaintiff, to continue to provide him with the ability to limit all pain and suffering by the means allotted him, and failure to allow him to mai[n]tain the [lidocaine] patches on his back, when plenty of inmates on the yard have the patches or spray, was a failure to do their duty, and is the causal connection to the pain and suffering the Plaintiff endured, such as is the resultant damages." [Doc. 76 at ¶ 42]. But the Court must construe Plaintiff's filings liberally, *Haines*, 404 U.S. at 520–21, and addresses the other allegations in the Second Amended Complaint that could support a medical negligence claim below.

⁴ Plaintiff's First Amended Complaint does mention that there were "delayed MRI, x-rays." *See* [Doc. 7 at 5]. However, the Court cannot consider these allegations in ruling on the Motion to Dismiss, which is directed at the Second Amended Complaint. It is "well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect," *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (quotation omitted), and this rule of law applies to Plaintiff as it would to any represented party, *Murray*, 312 F.3d at 1199 n.3. The Court further notes that although Plaintiff asked for leave to "amend and/or supplement" his claims, *see* [Doc. 59 at 1], he was only granted leave to <u>amend</u> the First Amended Complaint—not supplement it, *see* [Doc. 69]. And supplementation of the First Amended Complaint would not have been proper under the Federal Rules, in any case. *See* Fed. R. Civ. P. 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading to be supplemented*." (emphasis added)).

11

At best, Plaintiff alleges in the Second Amended Complaint that he was attacked by BOP officials on June 28, 2021, [Doc. 76 at ¶¶ 6, 14], that he was taken to the special housing unit, where he remained in "excruciating pain," [*id.* at ¶ 20], and that he "would explain to the nurse" who came by twice a day "that he was in desperate need of help" because of his pain but that "[s]eemingly Plaintiff was ignored by medical until July 1, 2021, when medical pulled him out for a Chronic Care visit to see Dr. Resto," [*id.* at ¶¶ 21–23].

To succeed on his medical negligence claim, Plaintiff will need to demonstrate "a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and that the defendant's breach caused the plaintiff's injury." *Day v. Johnson*, 255 P.3d 1064, 1068–69 (Colo. 2011); *see also Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (explaining that the FTCA "does not itself create a substantive cause of action against the United States" but instead "provides a mechanism for bringing a state law tort action against the federal government in federal court" (quotation omitted)). In other words, relying only on the allegations contained in the Second Amended Complaint (and in the context of Plaintiff's objections, focusing on the allegations about a lack of treatment in the days following the assault) and taking them as true, Plaintiff must show that the unidentified nurse breached a duty of care to Plaintiff when the nurse did not give Plaintiff pain medication when visiting Plaintiff twice daily from June 28 to July 1. *Day*, 255 P.3d at 1068–69. The Court respectfully agrees with Judge Neureiter and Defendant that expert testimony would be necessary for Plaintiff to meet this burden.

"[M]atters relating to medical diagnosis and treatment ordinarily involve a level of technical knowledge and skill beyond the realm of lay knowledge and experience," such

that expert testimony is required. *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). Indeed, the proper or acceptable course of medical treatment immediately after an injury does not "lie[] within the ambit of common knowledge or experience of ordinary persons." *Teiken*, 904 P.2d at 1389. Accordingly, the Court concludes that expert testimony is necessary to substantiate Plaintiff's medical negligence claim and a certificate of review is therefore required in this case. *See Custard v. Balsick*, No. 15-cv-02221-REB-CBS, 2017 WL 131799, at *21 (D. Colo. Jan. 13, 2017) (claim that defendant "should have immediately provided medical care instead of delaying or denying it" required expert testimony), *report and recommendation adopted*, *Custard v. Balsick*, No. 15-cv-02221-REB-CBS, ECF No. 102 (D. Colo. Mar. 10, 2017); *Abdo v. Balsick*, No. 18-cv-01622-KMT, 2019 WL 6726230, at *13 (D. Colo. Dec. 11, 2019) (concluding that "expert testimony, and thus a certificate of review, would be needed for a fact-finder to independently evaluate the merits of" a claim alleging that a prison nurse "negligently refused" to provide treatment or negligent failed to notice the need for treatment (cleaned up)).

Plaintiff does not allege that he was outright denied all medical treatment for an extended period of time or that he was denied medical treatment for retaliatory or other non-medical reasons, which might "demonstrate a 'dereliction of duty so palpable as to be apparent without the presentation of expert testimony.'" *Chrisco v. Raemisch*, 374 F. Supp. 3d 1093, 1100 (D. Colo. 2019) (quoting *Boigegrain v. Gilbert*, 784 P.2d 849, 850 (Colo. App. 1989)); *see also Smith v. Shy*, No. 19-cv-02338-PAB-STV, 2022 WL 4112217, at *14 (D. Colo. June 22, 2022) (concluding that certificate of review was required where the plaintiff did not allege "that he was systematically delayed and denied

13

all care" (cleaned up)), *report and recommendation adopted*, 2022 WL 3754728 (D. Colo. Aug. 30, 2022); *Curphey v. Wassell*, No. 21-cv-03433-NYW-JPO, 2024 WL 3759429, at *6 (D. Colo. Aug. 12, 2024) (this Court concluding that certificate of review was not required where a denial of medical care "arose not from a medical judgment," but from the defendant's assessment that the plaintiff should "try acting like a man instead of a woman"). Rather, Plaintiff alleges that over a span of days, he was seen by an unnamed nurse twice daily but that his requests for help for his pain were "ignored." [Doc. 76 at ¶¶ 22–23]. While this may be medical negligence, laypersons could not make this determination alone, and expert testimony is required to substantiate the claim. *Sherman*, 653 F. App'x at 595. Plaintiff must "establish the controlling standard of care, as well as the defendant's failure to adhere to that standard, by expert opinion testimony." *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990).

"Expert testimony is required to establish a prima facie case of professional negligence in the great majority of cases," *Williams v. Boyle*, 72 P.3d 392, 397 (Colo. App. 2003), including this one. For the reasons set forth in this Order, the Court agrees with Judge Neureiter's analysis. Plaintiff's objection is respectfully **OVERRULED**.

Accordingly, the Recommendation is **ADOPTED** and the Motion to Dismiss is **GRANTED**. Plaintiff's medical negligence claim[5] is **DISMISSED without prejudice** under Rule 41(b). *See Alphine Bank v. Hubbell*, No. 05-cv-00026-EWN-PAC, 2007 WL 218906, at *5 (D. Colo. Jan. 26, 2007) (explaining that dismissal for failure to file a certificate of review should be without prejudice unless the failure was the result of gross

---

[5] To be clear, to the extent Plaintiff brings a negligence claim based on the assault, *see, e.g.*, [Doc. 76 at ¶¶ 40–41], that claim remains.

negligence or forgery); *Carson v. United States*, No. 13-cv-02962-CMA-KLM, 2014 WL 3563021, at *1 (D. Colo. July 18, 2014) (dismissing negligence claim without prejudice based on failure to file certificate of review).

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1) Plaintiff's objections [Doc. 126] are **OVERRULED**;

(2) The Report and Recommendation on Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [Doc. 123] is **ADOPTED**;

(3) Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [Doc. 87] is **GRANTED**;

(4) Plaintiff's third claim, to the extent it is a medical negligence claim, is **DISMISSED without prejudice**; and

(5) A copy of this Order shall be sent to:

> Lance Reynolds, #72408-061
> McDowell Federal Correctional Institution
> Inmate Mail/Parcels
> P.O. BOX 1009
> Welch, WV 24801

DATED: September 12, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge